UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT GANOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. ABREU, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0019 KJM CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On August 8, 2017, defendants' motion for summary judgment was granted and this case was dismissed for plaintiff's failure to exhaust available administrative remedies prior to filing suit. The Ninth Circuit vacated judgment on February 23, 2018:

> The district court concluded that Ganoe failed to exhaust administrative remedies because his grievance was untimely, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. However, the record shows that on August 31, 2015, Ganoe submitted a grievance explaining why he did not timely grieve the three beatings that gave rise to this action. Specifically, Ganoe explained that he lacked the necessary forms, he was permanently blinded from one of the beatings and recovering in the infirmary for three months, and he suffered emotional trauma as a result of the three beatings. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (explaining that the Prison Litigation Reform Act does not require exhaustion when circumstances render administrative remedies "effectively unavailable"); Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (administrative remedies may be effectively unavailable

1

where circumstances render the prisoner unable to initiate the grievance process in a timely manner). Because the district court did not expressly consider Ganoe's evidence explaining his delay in filing the grievance, we vacate and remand for further proceedings.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Within 21 days, defendants shall indicate whether they wish to proceed with their motion for summary judgment as it pertains to the exhaustion of administrative remedies. If they do wish to proceed, defendants should file a brief addressing how the August 31, 2015 grievance identified by the Ninth Circuit does not preclude summary judgment.

2. Plaintiff may file a response to defendants' brief within 21 days of service thereof.

Dated: September 5, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gano0019.exh(3)

2